**In re Louis M. SHINE, Debtor.**

**Marguerite C. SHINE, Plaintiff,**

**v.**

**Louis M. SHINE, Defendant.**

**Bankruptcy No. 82–406.**
**Adv. No. 82–296.**

United States Bankruptcy Court,
D. New Hampshire.

Oct. 29, 1984.

Luke S. O'Neill, Jr., Manchester, N.H., for debtor.

Paul Rinden, Concord, N.H., for defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case presents a common question of the dischargeability of a debt created by a pre-bankruptcy support order in favor of the debtor's ex-wife, but presents the question in a somewhat unusual procedural context. The legal issue of course is whether the debt in question is a debt owing "to a spouse, former spouse … for alimony to, maintenance for, or support of such spouse … in connection with a separation agreement, divorce decree or property settlement agreement …." *Bankruptcy Code* § 523(a)(5).

The debtor and the plaintiff were originally married on September 29, 1969 and separated by mutual agreement on October 30, 1972. Prior to the separation the couple had lived in Arlington, Virginia. Thereafter the debtor moved to the District of Columbia. The plaintiff filed a complaint in the Superior Court of the District of Columbia, Family Division, seeking separate maintenance and support. Prior to that time, following their separation, the parties had disposed of various items of property and had divided the properties or their proceeds between themselves by mutual agreement.

On April 12, 1973 the District of Columbia court entered an order finding that the debtor "of his own choosing is presently unemployed" but nevertheless would have to seek employment and would have to undertake support payments to his wife in the amount of $250.00 monthly beginning on April 1, 1973. The court further found that the plaintiff at that time was employed as sales clerk in a department store with a take home pay of $134.00 weekly. The court further found that the debtor had not provided any support to the plaintiff since the parties had separated in October of 1972.

The debtor did make payments through the court totaling $675.00 to the plaintiff during the period 1973–1974, but such payments were intermittent and required the plaintiff to bring various contempt motions and hearings before the District of Columbia court.

The debtor moved to New Hampshire and the plaintiff filed a proceeding for divorce in the Circuit Court of Fairfax County, Virginia, which resulted in a final decree of divorce entered on November 8, 1975. This decree included a recitation that "the parties hereto have not entered into a Property Settlement Agreement [and] that there are no property rights to be determined by the court."

Meanwhile, the support order in the District of Columbia court remained in effect. With this "clock ticking" the debtor appeared in the District of Columbia court seeking termination of the order. That court, by consent order entered August 9, 1976, vacated the support order of April 2, 1973, but only after it had earlier entered a money judgment order on June 1, 1976 determining that the debtor was in arrears in his support payments in the amount of $9,045.00 as of June 1, 1976. This money judgment did give credit for the $675.00 that the debtor had paid under the 1973 order.

The fact that arrearages under a support order are reduced to a money judgment does not alter the nature of the debt from a non-dischargeable "support" obligation to a dischargeable debt. *Matter of Glover*, 16 B.R. 213 (M.D.Fla.1981). The

debtor contends however that this court can look behind the state court judgment and determine that it was not in fact a determination of a support obligation within the meaning of § 523 of the Bankruptcy Code. This is a correct view of the law. *Hylek v. Hylek*, 148 F.2d 300 (7th Cir.1945). However, on the evidence presented to this court, there is no basis for a determination that the District of Columbia's order was not in fact an order involving necessary support and maintenance of the wife during the pre-divorce status of the parties. The wife had a meager income and testified to her need for support during that period. The actual divorce was delayed due to the debtor's having moved several times to various locations before he could effectively be served with process.

■ The debtor further contends that the 1978 amendments to the Bankruptcy Code, which added language referring to a support debt "in connection with a separation agreement, divorce decree or property settlement agreement", wrought an important change in the statutory language crucial to the decision here. The debtor argues that there was no separation agreement or divorce proceedings as to which the District of Columbia order related, and that therefore the debt established by that order is not dischargeable. Putting aside the question of whether the order might be found to be "in connection with" the separate divorce proceeding in Virginia, I conclude that it at least relates to the oral separation agreement between the parties and therefore comes within the statute. This renders the obligation created by the District of Columbia order non-dischargeable unless there is some other basis for denial of that relief to the plaintiff.

■ The parties did not raise the point, but the court takes notice that some courts have determined that non-dischargeability of support orders will require a further determination that there is a present need for support at the time of the bankruptcy proceeding. The cases are summarized in *In Re Vickers*, 24 B.R. 112, 7 C.B.C.2d 849 (M.D.Tenn.1982), rejecting such a further "present need" requirement. I agree with the *Vickers* decision on the basis that Congress simply has not given the bankruptcy court discretion to balance the "present need" of the ex-spouse against the "fresh start" need of the debtor. Once a determination has been reached that the debt in question does involve a support obligation, that is the end of the authorized inquiry under the provisions of § 523 of the Bankruptcy Code.

■ The debtor also contends that even if the judgment entered in the District of Columbia court is not dischargeable, it should be reduced and offset by certain expenditures made by the debtor benefiting the wife totaling at least the amount of that judgment. The evidence before this court, indicates, however, that all such expenditures occurred prior to the support order in the District of Columbia court, and were in fact matters mutually agreed to by the parties under their separation agreement and have no bearing or relevance upon the subsequent support order. The debtor does raise a valid point to the effect that the money judgment in any event should be reduced by the amount of $1,750.00 of monthly support payments which accrued from the date of the November 8, 1975 divorce decree to the District of Columbia's June 1, 1976 money judgment.

Accordingly, the plaintiff shall submit a final judgment in this adversary proceeding within 10 days determining that the aforesaid $9,045.00 money judgment entered by the District of Columbia court on June 1, 1976, as reduced in amount by $1,750.00, together with accrued interest and costs, creates a non-dischargeable debt under the provisions of § 523 of the Bankruptcy Code.