**In re Susan Merry Beimers ANTIKAINEN, Debtor.**

**RAMSEY COUNTY COMMUNITY HUMAN SERVICES, Plaintiff,**

**v.**

**Susan M. ANTIKAINEN, Defendant.**

**Bankruptcy No. 3–84–1595.**
**Adv. No. 84–0358.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

April 24, 1985.

David E. Miller, Asst. Ramsey County Atty., St. Paul, Minn., for plaintiff.

Roger Kuehn, St. Paul, Minn., for defendant.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court on February 4, 1985, for a scheduling conference in the adversary proceeding. David E. Miller appeared on behalf of the Plaintiff. Roger Kuehn appeared on behalf of the Debtor/Defendant. At the conference, it was determined that the matter could be addressed on cross-motions for summary judgment with accompanying briefs. The parties were given 30 days in which to file their motions and memoranda. Based on the file, record, argument and memoranda of counsel, the Court makes this Order pursuant to the Federal Rules of Bankruptcy Procedure.

### I.

Sometime prior to October 12, 1982, Cynthia Antikainen, daughter of the Debtor/Defendant was placed in the care and custody of the Ramsey County Community Human Services Department. The County had full custody of and control over the care of Cynthia Antikainen. On October 12, 1982, a Stipulation on Order of Child Support was entered in which the parent, Susan Antikainen, agreed to pay the child's full share of social security benefits to the Ramsey County Community Human Services Department. The mother had been receiving, on behalf of her daughter, payments from the Social Security Administration as survivor benefits to the child, occasioned by the death of the child's father. According to the terms of the Order, from these monthly benefits, the mother was to retain $50.00 per month to be applied to payment of the daughter's medical insurance policy premium. The liability created by this juvenile court order was to be paid in monthly installments of $100.00. The Plaintiff claims, and the Debtor does not deny, that during the period of October 1982 to August 1984, the Debtor failed to make a number of monthly payments, resulting in an arrearage of $1,824.32.

On August 31, 1984, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. In her schedules filed with the petition, the Debtor did not list Ramsey County Community Human Services Department as a creditor. On February 8, 1985, the Debtor filed an affidavit that the Notice of Bankruptcy had been served upon the County. The affidavit contained no statement as to the amount of the indebtedness.

On December 10, 1984, the County commenced this action to determine the dischargeability of the debt owing to the County. The issue before this Court is whether the Debtor's obligation to turn over to the County the social security benefits of the child, is dischargeable. The Plaintiff claims that the debt, as a debt for child support, is not dischargeable under § 523(a)(5). The Debtor, on the other hand, argues that this debt does not fall within the § 523(a)(5) exception.

### II.

Because § 523(a)(5) has undergone significant changes in recent years, it is first necessary for this Court to determine which version of the statute applies to this case. The most recent amendment to this section came with the 1984 amendments embodied in Public Law 98–353. Section 553 of that law provides:

(a) Except as otherwise provided in this section the amendments made by this title shall become effective to cases filed 90 days after the date of enactment of this Act. 98 Stat. 333 § 553.

The law was enacted July 10, 1984. Ninety days from that date was October 8, 1984, a legal holiday, and the amendment to the section became effective to cases filed on and after October 9, 1984. This bankruptcy case was filed on August 31, 1984. Ac-

cordingly, the law existing prior to the 1984 amendments applies to this case.

### III.

■ Section 523(a)(5), as it existed prior to the 1984 amendments, excepted from discharge, a debt:

> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
> >
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Reading this statute carefully, it is evident that there are three integral parts to the statute that must be satisfied to render the debt nondischargeable. They are:

1. The debt must be a debt to the child;

2. The debt must be for support of the child; and

3. The debt must be in connection with a separation agreement, divorce or property settlement.

■ Exceptions to discharge are to be strictly construed. *Gleason v. Thaw*, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *In re Daiker*, 5 B.R. 348 (Bankr.Minn.1980); *In re Crea*, 31 B.R. 239 (Bankr.Minn.1983). It must be determined that a debt is squarely within the statutory exception before it can be deemed nondischargeable. *See Household Finance Corp. v. Danns*, 558 F.2d 114 (2nd Cir.1977); *In re Dolnick*, 374 F.Supp. 84 (Ill.D.1974); *Hennessey Cad-*

*illac v. Green*, 5 B.R. 247, 2 C.B.C.2d 905 (Ga.D.1980).

Serious question exists as to whether this debt meets the first statutory requirement. The Debtor argues that according to the literal terms of the juvenile court order of October 21, 1982, the Debtor was ordered to pay a certain sum of money to the County. She claims that the debt does not fall within the requirement of the statutory exception because it is not a "debt to the child". The Debtor argues further that reference to the social security benefits of the child was merely for the sake of establishing a formula by which the Court determined the amount that she would pay.

The County argues that the basis for the order regarding the social security benefits was in recognition of the Debtor's duty to support her child and in recognition of her obligation as representative payee to use the benefits for the care of her child. Therefore, it claims, the obligation was actually a child support obligation owed to the child, but payable to the County. The County further argues that debts owed to a child, but payable to a third party, fall within the § 523(a)(5) exception.

■ The legislative history of § 523(a)(5) clearly indicates that only debts directly owed to a spouse or child are within the meaning of the exception.[1] The House Report on the Bill states that 523(a)(5):

> Excepts from discharge debts to a spouse, former spouse, or child of the debtor ... This language ... will apply to make nondischargeable only alimony, maintenance or support *owed directly* to a spouse or dependent. H.REP. NO. 595 95th Cong. 1st Sess. 363, 364 (1977). S.REP. NO. 989 95th Cong. 2d Sess. 79, *reprinted in* 1978 U.S. CODE CONG. & AD. NEWS 5787, 5865, 6320.

■ Case law also supports this reading of the § 523(a)(5) exception. The Bank-

---

1. For a comprehensive examination of the legislative history of § 523(a)(5), *see:* note, *Congressional Intent in Excepting Alimony, Maintenance & Support from Discharge in Bankruptcy,* 21 J.FAM.L. 528 (1982–83).

ruptcy Court in this District has held that unless the debt is payable directly to the spouse or child, the debt is dischargeable. *In re Daiker,* 5 B.R. 348, 351 (Bankr.Minn. 1980).[2] Accordingly, the first requirement of the statute has not been met in this case since the debt is not owed directly to a spouse or to the dependent.

The third requirement of § 523(a)(5) has not been met either. This debt to the County did not arise in connection with a separation agreement, divorce decree or property settlement agreement. *See In re Marino,* 29 B.R. 797 (D.Ind.1983). In *Marino,* the District Court reversed the Bankruptcy Court's decision and held on facts similar to those here that the debt did not meet the requirements of the exception and accordingly, was dischargeable. *See also: In re Leach,* 15 B.R. 1005 (Bankr.Conn. 1981).[3]

It is the conclusion of this Court that the debt to the County fails to meet the first and third requirements of § 523(a)(5). The debt in question is neither a debt to the child nor a debt that arose in connection with the separation agreement, divorce decree or property settlement. Consequently, the debt is not excepted from discharge under § 523(a)(5).

**ACCORDINGLY, IT IS HEREBY ORDERED** that the debt owing from Susan Antikainen to Ramsey County Community Human Services is dischargeable. Defendant is entitled to judgment, together with costs as allowed by law.

Let Judgment Be Entered Accordingly.

**2.** *Contra In re Morris,* 14 B.R. 217 (Bankr.Colo. 1981). The Colorado Bankruptcy Court determined that a debt payable to a third party comes within the § 523(a)(5) exception if the payment to the third party is ordered in recognition and fulfillment of the debtor's duty to provide support for the child. Apparently, the Colorado Court believed that if the debt was a debt for child support, it was also a "debt owed to the child." This Court rejects the Colorado Court's reasoning as contrary to legislative intent and the mandate of strict construction of exceptions to discharge.

**3.** *Contra In re Mojica,* 30 B.R. 925, 8 C.B.C.2d 997 (Bankr.N.Y.1983). The Court in this case states:

> The statute as it is now written is simply not an accurate codification of true Congressional intent. It is this court's opinion that 11 U.S.C. § 523(a)(5)(A) was 'overdrafted' in that it failed to adequately consider legitimate forms of alimony and support other than those enumerated. 30 B.R. 925, 8 C.B.C.2d 997, 1005

This Court declines to follow the approach of the New York Court. This Court believes that the language of the statute clearly requires the debt to arise in certain, limited circumstances in order to be nondischargeable.