**In re Louis M. SHINE, Debtor.**

**Marguerite C. SHINE, Appellant,**

v.

**Louis M. SHINE, Appellee.**

**No. C–85–474–L.**

United States District Court, D. New Hampshire.

Jan. 17, 1986.

Paul A. Rinden, Concord, N.H., for plaintiff.

Luke O'Neill, Manchester, N.H., for defendant.

## ORDER ON APPEAL FROM BANKRUPTCY COURT

LOUGHLIN, District Judge.

Plaintiff, Marguerite C. Shine appeals from an order of the Bankruptcy Court, District of New Hampshire which held on reconsideration that the support and maintenance obligation owed to plaintiff was dischargeable in Bankruptcy. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

The facts are as follows:

The debtor, Louis Shine and the plaintiff, Marguerite Shine were married on September 20, 1969 and separated by mutual agreement on October 30, 1972. In December of 1972, the plaintiff filed a complaint in the Superior Court for the District of Columbia, Family Division, seeking an "Order of Separate Maintenance". In April of 1973 the Superior Court for the District of Columbia entered an order requiring defendant/debtor to pay the plaintiff $250.00 monthly, beginning April 1, 1973. On July 1, 1975, a divorce action was commenced in the Fairfax County Circuit Court, Virginia and a final decree of divorce was entered on November 3, 1975. The Virginia divorce decree did not deal with support payments.

Defendant did make some intermittent payments to plaintiff pursuant to the order for separate maintenance which emanated from the Superior Court for the District of Columbia. On June 1, 1965, however, that court entered judgment against defendant for the amount of his arrearage of his support payments, i.e. $9,045. On August 9, 1976, the court approved a consent order of the parties and vacated the support order of April, 1973, reducing the arrearage of $9,045 to a lump sum debt. In 1982, the defendant filed for bankruptcy in the United States District Court, District of New Hampshire, seeking discharge of the support debt owed the plaintiff. The plaintiff filed a complaint objecting to discharge of

her support obligation under 11 U.S.C. § 523(a)(5).

Initially, the bankruptcy court held that the judgment entered by the District of Columbia court on June 1, 1976 for $9,045.00 was a debt under the provisions of § 523 and thus found for the plaintiff. *In re Shine*, 43 B.R. 686 (Bankr.D.N.H. 1984). On reconsideration, however, Judge Yacos concluded that the debt, characterized as a support obligation, was not obtained "in connection with a separation agreement, divorce decree or property settlement agreement" as required by the 1978 version of 11 U.S.C. § 523(a)(5). *In re Shine*, 49 B.R. 978, 981 (Bankr.D.N.H. 1985). The court further found that the August 9, 1976 order of the District of Columbia court was simply an agreement to the amount of arrearages and was consented to in order to terminate the accumulating of the support payments. *Id.* The court found the defendant's debt dischargeable. *Id.*

The standard of review in an appeal of a decision of the bankruptcy court is stated in Bankr.R. 8013. That rule states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

"Where basic facts and facts permissibly inferred therefrom are found by the [bankruptcy] court sitting as a fact finder, neither the basic facts or the inferred facts may be disturbed on review unless they are deemed clearly erroneous." *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 102 (3d Cir.1981). *See also United States v. United States Gypsum Co.*, 333 U.S. 364, 394, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). "[T]he clearly erroneous standard does not apply to the Bankruptcy

Court's conclusions of law; that is, the reviewing court must make an independent determination on the legal issues." *Prudential Insurance Company of America v. Colony Square Co.*, 29 B.R. 432, 434 (Bankr.W.D.Pa.1983) (citing *In re Hollock*, 1 B.R. 212, 215 (Bankr.M.D.Pa.1979)).

No one disputes that the statutory provision of the Bankruptcy Code that applies in the present case is 11 U.S.C. § 523(a)(5) as amended in 1978. That provision excepts from discharge any debt

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement....

The defendant contends that the plaintiff failed to sustain her burden of proving that the debt owed to her fell within one of the exceptions to discharge and contends that the bankruptcy court findings must stand unless clearly erroneous. Specifically, the defendant argues that (1) there was no agreement by the defendant to pay support to the plaintiff and (2) that the District of Columbia support order was not "in connection with" a separation agreement.

In the case of *In Re Mojica*, 30 B.R. 925 (Bankr.D.N.Y.1983) the court went outside the literal meaning of section 523(a)(5) and included as non-dischargeable, support obligations which arose from a source other than a separation agreement, divorce decree or property settlement. *Mojica*, 30 B.R. at 928. As in the present case, the applicable statute in *Mojica* was 11 U.S.C. § 523(a)(5) as amended in 1978. *Mojica*, 30 B.R. at 928. The court reviewed the legislative history of Section 523(a)(5) for the purposes of ascertaining Congressional intent as well as the public policy underlying the exception to discharge. "There is [no] apparent logic for not excepting any legitimate debt for alimony or support simply because it arose in a manner not expressly enumerated in the statute." *Mojica*, 30 B.R. at 928–29. The court believed such narrow application to be contrary to common sense and Congressional intent. *Id.* at

932 (citations omitted). "In bankruptcy proceedings, equity requires that the substance of the debt should prevail over the form where appropriate." *Id.* at 929 (citations omitted).

In the present case, the defendant in his brief admits that (1) at the time of separation, the parties divided their personal property, (2) the parties were divorced by a Virginia court decree, (3) defendant was ordered to pay monthly support to plaintiff by order of the District of Columbia Superior Court and (4) the subsequent consent agreement involving $9,045.00 was for the amount of arrearages owed to plaintiff for support.

The court acknowledges that the debt owed to plaintiff does not fall expressly within the sources enumerated in section 523(a)(5). It is clear, however, that the obligation owed to plaintiff was imposed by an order of the Superior Court of the District of Columbia, Family Division, for the support and maintenance of his wife, the plaintiff in this action. "It does not seem logical [that] Congress could have intended to allow for the dischargeability of debts that arise from a court order, but outside of a divorce decree or separation agreement." *Mojica*, 30 B.R. The purpose of the statute is to ensure "that legitimate debts for alimony or support owing directly to a spouse or dependent are not discharged lest it undercut an important social policy regarding such obligations." *Id.* at 930.

The Congressional intent and public policy as stated above regarding the exception of support obligations from discharge is given further support by the subsequent 1984 amendment to section 523(a)(5). Congress amended the statute to prohibit from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement...." 11 U.S.C. § 523(a)(5) (1984).

This court concludes that the bankruptcy court erred in finding that the support obligation owed to plaintiff was dischargeable in bankruptcy. Based on the facts presented in this case, this court believes that to allow the defendant's debt to be discharged would be contrary to Congressional intent and public policy. Accordingly, the decision of the United States Bankruptcy Court for the District of New Hampshire declaring defendant's debt to plaintiff dischargeable in bankruptcy is hereby reversed.