In re Allan Louis LUTZ, Debtor.

Allan Louis LUTZ, Plaintiff,

v.

Mary Ann OLIGSCHLAEGER, Defendant.

Bankruptcy No. 90–20572–C, Adv. No. 91–2005–C.

United States Bankruptcy Court, W.D. Missouri, C.D.

June 11, 1991.

Van Adams, California, Mo., for debtor.

State of Mo., Div. of Child Support Enforcement, Columbia, Mo., Mary Kay Sommer Lutz, Tipton, Mo., for defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed a petition for relief under Chapter 7. The only debt listed in debtor's schedules was an unsecured obligation for $12,527.55 listed as owing to the State of Missouri, Division of Child Support Enforcement, and Mary Ann Oligschlaeger. Thereafter debtor filed an adversary action to have said debt determined to be dischargeable. Mary Ann Oligschlaeger filed an answer, alleging (in effect) that the State of Missouri rather than she was the real party in interest. The State did not file any answer. Neither defendant appeared at the regularly scheduled hearing. Neither defendant filed a claim in the bankruptcy proceeding.

The evidence indicated that at some time (date and term not specified) May Ann Oligschlaeger had custody of one or more minor children sired by debtor. May Ann Oligschlaeger is debtor's sister. Apparently her custody arose from some order entered by the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. Apparently she came to Missouri; applied for and received Aid to Dependent Children from the State of Missouri; was paid some $12,527.55; and assigned any claim she might have had against Allan Louis Lutz to the State of Missouri. The State of Missouri had started what would normally be called garnishment proceeding against debtor's employment as a laborer. Thereupon debtor filed bankruptcy and seeks to discharge the single obligation to the State, somewhat of an unusual twist to the one asset—one creditor case.

11 U.S.C. § 523(a)(5) is the operative section and provides as follows:

"A discharge under section 727 ... does not discharge an individual debtor from any debt—to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State);"

Debtor contends that since the obligation is not owed to his spouse, his former spouse, or his child (children) but is owed either to his sister or the State of Missouri, as her assignee, the debt is not excepted from discharge. The fact that neither the state nor the sister presented any evidence, argument or exposition of the facts or the law has not aided the Court in its efforts to decide the motion.

Research indicates no cases precisely on point. While there have been several cases interpreting 11 U.S.C. § 523(a)(5), only one seems to have turned on the issue of whether the debt was (or had been) payable to the debtor's spouse or child, and that case was decided on the law prior to the effective date of the 1984 amendments. Most of the cases instead were involved with the issue of whether there had been an award in connection with a separation agreement or divorce decree. It appears to this author that those cases make two distinctive departures from usual interpretation. First, are those cases that state the facts do not fit the law as printed but fit

the law Congress intended and thus do not allow discharge. E.G., *In re Mojica*, 30 B.R. 925 (Bkrtcy.E.D.N.Y.1983), *In re Shine*, 57 B.R. 386 (D.N.H.1986). Then there is at least one case which states that the facts do not fit the law but that law (as it was before 1984) was unconstitutional. E.G., *DuPhily v. DuPhily*, 13 BCD 773 (D.Del.1985); and therefore discharge will not be allowed. This court finds both departures unacceptable and chooses to follow the reasoning of Judge Dennis O'Brien in *Ramsey County Community Human Services v. Antikainen*, 48 B.R. 630 (Bkrtcy.Minn.1985), although that case is also based on the pre 1984 amended version of 11 U.S.C. § 523(a)(5). As Judge O'Brien opined, there are three integral parts which must be satisfied to cause nondischargeability. In the present amended version, those three elements are:

1. The debt must be to a spouse, former spouse, or child of the debtor.

2. The debt must be for alimony or support of such spouse or child.

3. The debt must have been the result of a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement.

Although the Court can surmise that the third element was satisfied by both the Florida action and the Missouri action, there is no evidence to buttress any finding or conclusion to such effect. Had the State of Missouri answered or appeared, a different result as to element 3 might have been obtained.

Be that as it may, it would seem that element number 1 could not be satisfied since the debt ran to debtor's sister and was assigned by her to the State of Missouri. Ergo, it appears that two of the essential elements are missing.

It is hornbook law that exceptions to discharge must be strictly construed to give effect to the intent of bankruptcy legislation. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Strictly construing what Congress hath wrought may do injury to Congress's intent in this case. So be it, but the words are clear and attempting to construe intent over form soon leads to substitution of the construer's intent for Congress's intent.

The debt to Mary Ann Oligschlaeger and the State of Missouri, Division of Child Support Enforcement, is determined to be DISCHARGED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.