**In re Raymond Lee DONELSON, Debtor.**

**Raymond Lee DONELSON, Plaintiff,**

v.

**STATE OF MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Defendant.**

**Bankruptcy No. 92–42846.**

**Adv. No. 92–4367.**

United States Bankruptcy Court, W.D. Missouri.

March 2, 1993.

Michael W. Flood, Excelsior Springs, MO, for plaintiff.

Don L. Cowan, Independence, MO, for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This matter comes before the Court to determine the dischargeability of past due child support obligations assigned to the State of Missouri in exchange for Aid to Families with Dependent Children (AFDC). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The parties have agreed that this matter will be decided based on a Stipulation of Facts and briefs submitted to this Court. For the reasons set forth below, I find this debt to be nondischargeable in bankruptcy, pursuant to 11 U.S.C. § 523(a)(5)(A).

### FACTUAL DETERMINATION

On October 1, 1987, the Circuit Court of Ray County, Missouri found the debtor in arrears on his child support obligations in the amount of $16,200. The court, therefore, ordered the debtor to make payments to Deborah Anne Friedrich of twenty dollars per week toward the current support of Christopher Donelson and five dollars per week toward the arrearage. Christopher Donelson was born on June 10, 1970. On September 30, 1991, an administrative hearing was conducted by the State of Missouri, Department of Social Services, be-

fore the Director, Division of Child Support Enforcement. At the conclusion of that hearing it was determined that "$16,200.00 remains due and owing on the State Debt/Arrearage.... In addition, Respondent has accrued additional arrearages for current spousal and/or child support in the amount of $103.00. Therefore, as of September 27, 1991, Respondent's total State Debt/Arrearage is $16,303.00, not including interest." Debtor filed his Chapter 7 bankruptcy petition on August 31, 1992, and moved this Court to determine the dischargeability of the assigned child support on November 19, 1992.

## DISCUSSION

■ Dischargeability of obligations to a spouse, former spouse, or child, is governed by Section 523(a)(5) of the Bankruptcy Code. That section provides in relevant part as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for ... support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the

Federal Government or to a State or any political subdivision of such State);

.    .    .    .    .

11 U.S.C. § 523(a)(5). Debtor makes two arguments in favor of dischargeability. First, he contends that the debt was assigned to the state by Deborah Friedrich in order for her to receive AFDC. Assuming such an assignment, that fact no longer makes the obligation dischargeable. The Bankruptcy Reform Act of 1978 repealed section 456(b) of the Social Security Act, 43 U.S.C. § 656(b), which had provided that a debt for child support assigned to another entity was non-dischargeable in bankruptcy. 124 Cong.Rec. H11096, September 28, 1978; S17412, October 6, 1978. However, section 523(a)(5) was amended by section 2334(b) of the Omnibus Budget Reconciliation Act of 1980, which reinstated the provision of the Social Security Act declaring that a child support obligation assigned to a State as a condition of AFDC eligibility is not dischargeable in bankruptcy. Pub.L. 97–35, 95 Stat. 357, 863 (August 31, 1981).[1] *In re Lutz*, 128 B.R. 244, 21 BCD 1322 (W.D.Mo.1991), cited by debtor is a case that was decided under the current statute. But *Lutz* does not hold that obligations assigned to a state are dischargeable. There, the debtor's obligation, which had been assigned to the state, was to his sister, not a spouse, former spouse, or child. Therefore, Section 523(a)(5) did not make the debt nondischargeable in any event, and the issue of assignment was not reached.[2] I find that the Bankruptcy Code is clear and unambiguous on this issue. Assignment to the state in order to be eligible for AFDC does not affect the obligation's status as child support.

■ Debtor's second contention is that because his son is now emancipated there is no need to pay a judgment for arrearage

---

1. Debtor cites *Franklin v. New Mexico*, 730 F.2d 86 (10th Cir.1984), where support obligations assigned to a state were found dischargeable because that was the law at the time the case was filed in 1981. The Court in that case notes that the statute was changed after the filing of that bankruptcy, but found it was obligated to follow the law in effect as of the filing date.

2. Debtor refers this Court to an article which interprets *Lutz* to mean that a child support obligation assigned by an ex-spouse to the state is dischargeable. *Enforceability of Dissolution of Marriage Decrees in Bankruptcy*, 47 Journal of the Missouri Bar 499, 500 n. 10 (Oct.–Nov. 1992). Such article ignores the fact which formed the basis for the holding in *Lutz*, which was that the assignor was not a spouse, former spouse, or child of the debtor.

in child support obligations incurred while the child was still a minor. The issue raised by this contention is whether the nature of a child support obligation is determined at the time it is incurred, or at the time the debtor's bankruptcy case is filed. Debtor cites one case in which a Bankruptcy Court found that where emancipated children are involved it is appropriate to review the need for support at the time the bankruptcy is filed to determine the dischargeability of the debt. *See In re Nelson,* 16 B.R. 658 (Bankr.M.D.Tenn.1981), *aff'd in part rev'd in part,* 20 B.R. 1008 (M.D.Tenn.1982). That decision, however, was reversed on this point, the District Court finding that once the obligations are found to be alimony, maintenance, or support the Bankruptcy Court is not free to discharge the debt. In any event, the holding of the lower court in that case is contrary to prevailing law in the Eighth Circuit, and also this Court. Whether an obligation is nondischargeable under Section 523(a)(5) is dependent on the nature of the obligation itself. *In re Williams,* 703 F.2d 1055 (8th Cir.1983). The nature of the obligation is dependent upon the intent of the parties and/or the state court at the time the obligation was imposed. *In re Rice,* 94 B.R. 617, 619 (Bankr.W.D.Mo.1988) (Koger, J.). If the obligation was for child support the fact that the child has been able to grow up without the obligation being satisfied does not change the nature of the obligation. *In re Ridgway,* 108 B.R. 154 (Bankr.N.D.Ohio 1989). Here the obligation imposed was for child support. Under Section 523(a)(5), that obligation is nondischargeable.

An order consistent with this Memorandum Opinion will be entered this date.