**In re William Erwin BULLOCK, Debtor.**

**William Erwin BULLOCK, Plaintiff,**

**v.**

**STATE OF MISSOURI, Defendant.**

Bankruptcy No. 93–42996–3.
Adversary No. 96–4051.

United States Bankruptcy Court,
W.D. Missouri.

July 29, 1996.

James R. Brown, Kearney, MO, for Plaintiff.

Dan Cowan, Department of Social Services, Kansas City, MO, for Defendant.

*MEMORANDUM OPINION*

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff William Bullock asks this Court to find that his child support arrears assigned to the State of Missouri in the amount of $16,842.40 are dischargeable pursuant to 11 U.S.C. § 523(a)(5). This issue is a core proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). For the reasons set forth below, I find that the debt is nondischargeable.

*FACTUAL BACKGROUND*

William and Kelly Bullock were married on March 30, 1978. Their marriage produced two children, Nicole Marie born May 7, 1978, and Jenny May born May 1, 1981. On July 30, 1982, Kelly Bullock filed for divorce. The marriage was dissolved on February 7, 1983. Despite at least three attempts to serve notice to Mr. Bullock and publication of notice in the newspaper of general circulation, Mr. Bullock failed to appear at the court proceedings. Ms. Bullock was awarded custody of both daughters. In Count I of the Dissolution Decree (the "Decree"), the Honorable Mary A. Dickerson of the Circuit Court of Camden County, ("Circuit Court") Missouri ordered Mr. Bullock to pay child support in the amount of $261 per month. This amount was to be paid through the Circuit Court Clerk's office.

At various times, Ms. Bullock received benefits under the Aid to Families with Dependent Children program ("AFDC"). Ac-

cordingly, child support due her while on AFDC was assigned to the State of Missouri. RSMo 208.040.2(2) (Supp.1996). By stipulation, debtor agreed that, beginning with January 1, 1984, AFDC payments totaling $16,-842.40 have been assigned to the Division of Child Support Enforcement. Ex. 2 at p. 22. In *State of Missouri, ex rel. v. Bullock,* (Case No. CV182–204DR), Mr. Bullock was found to be in civil contempt of the February 7, 1983, Order to pay child support in the amount of $261 per month. The Honorable Jack A. Bennett found that Bullock had notice and knowledge of the court order no later than May, 1986, when his Federal and State income tax return were intercepted for the previous year. In March 1987, the Division of Child Support Enforcement issued an Order to Withhold wages, putting Bullock on further notice. The court held that the respondent failed to present any further evidence that would indicate an intent to comply with the order for child support or show cause why he should not be held in contempt. The Court concluded that it had jurisdiction, that Bullock's failure to pay was deliberate, intentional, and willful, and that he owed the State of Missouri a total of $16,842.40.[1]

On October 13, 1993, Mr. Bullock filed a Chapter 7 bankruptcy petition. The State of Missouri brought an action in Circuit Court on February 28, 1996, to recover $16,842.40, claiming that child support is nondischargeable under 11 U.S.C. § 523(a)(5)(A). Bullock was granted as preliminary injunction in this Court on April 10, 1996, preventing Missouri from taking further action until a determination of dischargeability could be made.

### *DISCUSSION*

 Child support obligations are generally not dischargeable in Chapter 7. Section 523(a)(5)(A). Such obligations may, however, be dischargeable if voluntarily assigned by the creditor. But if the obligation is assigned to a Federal or state government, it remains nondischargeable. 11 U.S.C. § 523(a)(5)(A) reads as follows:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that such debt is assigned to another entity, voluntarily, by operation of laws, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State.)

11 U.S.C. § 523(a)(5)(A).

There are two questions here. The first is whether the debt is child support. The docket records from the contempt hearing show that the debt was for child support. No contrary evidence was offered, so I find that this is an obligation for child support.

The second question is whether the debt was assigned to a governmental unit. Under section 523(a)(5)(A), a debt assigned to a government unit cannot be discharged. *In re Donelson,* 153 B.R. 995, 996 (Bankr. W.D.Mo.1993). The Missouri Department of Social Services is a governmental unit. *In re Beverly,* 196 B.R. 128, 133 (Bankr.W.D.Mo. 1996). The debtor relies on a Missouri statute to argue that the assignment to the State terminated when Ms. Bullock was no longer eligible for AFDC. Such statute reads in relevant part as follows:

When a recipient is no longer eligible for Aid to Families with Dependent Children benefits the assignment shall terminate, unless the recipient and the division agree otherwise, except for those unpaid support obligations still owing to the state under the assignment at the time of the discontinuance of aid.

---

1. The Court also found debtor owed Kelly Bullock child support totaling $8,233.70, which was

not assigned to the state. That debt is nondischargeable, and is not an issue here.

RSMo 454.420 (Supp.1996).[2]

Under this statute, however, the State continues to have the right to collect support which came due while AFDC was being paid. As stipulated by the parties, the $16,842.40 at issue here was in fact assigned to the State, and remains unpaid.

Debtor next argues that Circuit Court's order establishing a $261 monthly payment was improper. In so doing, he relies on *Jackson v. Rapps*, 947 F.2d 332, 337 (8th Cir.1991), which states "the Director's policy in setting the amount of state debt as the total amount of public assistance paid out violates federal regulations governing the Aid to Families with Dependent Children Program". But *Jackson* is not relevant to the question of dischargeability. The issue in *Jackson* was whether the procedure used by the Missouri Division of Child Support Enforcement for calculating child support reimbursement for AFDC payments owed to the state conflicts with the formula in the federal regulations. *Id.* at 333. Thus, *Jackson* deals with the procedure for determining the amount of child support. The amount of the debt, $16,842.40, has already been determined by the Circuit Court and is protected from collateral attack. Any dispute over this amount should have been appealed in the State Court System no later than 1987, when Mr. Bullock became aware of the tax refund intercepts.

For the reasons stated above, I find that the debt in the amount of $16,842.40 is child support which was assigned to a state agency, and is, therefore, nondischargeable. Accordingly, the preliminary injunction granted on April 10, 1996, should be dissolved. An Order in accordance with this Memorandum Opinion will be entered this date.

IT IS SO ORDERED.

---

**2.** Missouri statute 454.420 was amended in 1986, but the relevant section was unchanged.