United States Court of Appeals,

Fifth Circuit.

No. 96-40754

Summary Calendar.

In the Matter of Margee Daigle KING, Debtor.

Cecil FIELDER and Stacey Fielder, Appellants,

v.

Margee Daigle KING, Appellee.

Jan. 9, 1997.

Appeal from the United States District Court for the Eastern District of Texas.

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This appeal involves a bankruptcy court's application of res judicata (claim preclusion) to dismiss a creditor's nondischargeability complaint under Section 523(a)(2)(A) of the Bankruptcy Code. 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) permits creditors to challenge the dischargeability in bankruptcy of "any debt ... for money ... to the extent obtained by ... false pretenses, a false representation, or actual fraud...." *Id.*

I.

Cecil and Stacey Fielder ("the Fielders") seek to prevent Margee Daigle King ("King") from discharging a Texas state court judgment rendered against King in November of 1994. A jury returned a verdict in favor of the Fielders, finding that King had breached a contract with the Fielders and had committed fraud against them. The jury's verdict included actual damages ($270,530.67) and punitive damages ($1.5 million). Initially, the state court rendered judgment on the jury's verdict. Then, in response to a motion for new trial filed by King, the trial court substituted a new judgment that limited the Fielders' award to contract damages ($128,849.49) along with pre-judgment and postjudgment interest. The state-court judgment does not reflect the reason that the court eliminated

1

the Fielders' fraud damages.

One month after final judgment was rendered in favor of the Fielders, King filed for bankruptcy under Chapter 7 of the Bankruptcy Code. The Fielders brought an adversary proceeding against King in bankruptcy court, asserting that King's debt to them was nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code. The bankruptcy court dismissed the Fielders' complaint, holding that the Fielders' nondischargeability claim was barred by principles of res judicata. The district court affirmed the dismissal.

## II.

The bankruptcy court's claim preclusion analysis is sound, and if claim preclusion was applicable in nondischargeability proceedings, the Fielders' nondischargeability complaint would be barred. The United States Supreme Court in *Brown v. Felsen,* however, held that the doctrine of res judicata does not apply in bankruptcy nondischargeability proceedings. 442 U.S. 127, 133-39, 99 S.Ct. 2205, 2211-13, 60 L.Ed.2d 767 (1979); *Key v. Wise,* 629 F.2d 1049, 1063-64 (5th Cir.1980) (discussing *Brown v. Felsen* ). Consequently, we cannot affirm based on the reasoning of the bankruptcy court.

Collateral estoppel (issue preclusion), however, provides a possible alternative basis upon which to uphold the district court's affirmance. In *Grogan v. Garner,* the Supreme Court held that issue preclusion, unlike claim preclusion, applies to bankruptcy nondischargeability proceedings. 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991); *see Brown,* 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. In this circuit, issue preclusion will prevent a bankruptcy court from determining dischargeability issues for itself only if "the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question ... and the facts supporting the court's findings are discernible from that court's record." *In re Dennis,* 25 F.3d 274, 278 (5th Cir.1994) (citations omitted), *cert. denied,* --- U.S. ----, 115 S.Ct. 732, 130 L.Ed.2d 636 (1995).

The state-court record presented for our review does not meet the requirements set out in *Dennis.* The record reflects no "specific, subordinate, factual finding" that King's debt to the Fielders

was not obtained by false pretenses, false representations, or actual fraud.  Moreover, the record is devoid of facts to support such a finding, even had such a finding been made.[1]  The party asserting issue preclusion bears the burden of proof, *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801-02 (Tex.1994),[2] and hence would have the burden of bringing forward an adequate state-court record.

King essentially argues that the substituted state-court judgment, which awarded contract damages and denied "all relief not expressly granted," constitutes a specific finding that King did not obtain the debt by false pretenses, false representation, or actual fraud.  We disagree.  The bare fact that the state court awarded only contract rather than fraud damages does not preclude the bankruptcy court from inquiring into the true nature of that debt.  The bankruptcy court is not bound by the "breach of contract" label that the state-court assigned to the judgment awarded to the Fielders.  *See Dennis,* 25 F.3d at 277.[3]  We have admonished bankruptcy courts to "look beyond the labels which state courts ... give obligations which debtors seek to have discharged."  *Id.* (citations and footnote with additional citations omitted).  The fact that a state court labels a judgment "contract damages" rather than "fraud damages" does not control the bankruptcy court if the state court's determination did not necessarily include a finding regarding the dischargeability issue (*i.e.,*

---

[1] A full state-court record will not always or even often be required for the bankruptcy court to apply issue preclusion.  *See In re Davis,* 3 F.3d 113, 114-15 (5th Cir.1993).  The record must, however, provide a sufficient basis upon which the bankruptcy court may determine that the issue to be decided was actually litigated and necessarily decided in state court.  *See In re Allman,* 735 F.2d 863, 865 (5th Cir.) (citations omitted), *cert. denied,* 469 U.S. 1086, 105 S.Ct. 590, 83 L.Ed.2d 700 (1984).

[2] Because King asked the bankruptcy court to give conclusive effect to a Texas state court judgment, Texas rules of preclusion apply.  *In re Garner,* 56 F.3d 677, 679 (5th Cir.1995).  Under Texas law, a party asserting issue preclusion must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action;  (2) those facts were essential to the judgment in the first action;  and (3) the parties were cast as adversaries in the first action.  *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984), *quoted in Garner,* 56 F.3d at 680.

[3] The Fielders need not have recovered a state-law fraud verdict in order to prevail on a claim that the debt owed them was obtained by fraudulent behavior and consequently should not be discharged.  See *Brown,* 442 U.S. at 138-39, 99 S.Ct. at 2213.

whether the debt was obtained by false pretenses, a false representation, or actual fraud).

The bankruptcy court itself stated that the determination that the Fielders' claim sounded in contract rather than fraud was made for reasons "only known to the state court judge." Under these circumstances, the state court's elimination of fraud damages can hardly be construed as a specific factual finding regarding the federal law dischargeability issue. As the Fielders suggest, the state court may have disallowed fraud damages, not because it disagreed with the jury's fraud finding, but rather because under Texas law, "[w]hen the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Southwestern Bell Tel. Co. v. DeLanney,* 809 S.W.2d 493, 495 (Tex.1991) (quoting *Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986)). Under *Jim Walter Homes* and *DeLanney,* the nature of a plaintiff's injury can preclude the plaintiff from recovering under a fraud theory, even if the defendant's conduct was fraudulent. Consequently, if the state court eliminated the Fielders' fraud damages based on the rule of *Jim Walter Homes* and *DeLanney,* that action would not constitute a finding, express or implied, that King's debt for money was not obtained by false pretenses, a false representation, or actual fraud within the meaning of Section 523(a)(2)(A).

III.

In sum, the state-court record does not contain a specific, subordinate factual finding that King's debt was *not* obtained by false pretenses, a false representation, or actual fraud nor does it contain any facts that would support such a finding. On this record, issue preclusion does not bar the Fielders' nondischargeability complaint. Accordingly, the judgment of the district court is REVERSED and the case is REMANDED with directions to remand to the bankruptcy court for further proceedings.