In re Alan E. SCHWARTZ, Debtor.

Keith SCHWARTZ, Plaintiff,

v.

Alan E. SCHWARTZ, Defendant.

Bankruptcy No. 96–41300.
Adversary No. 96–4150.

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

Jan. 12, 1998.

Jeffery Wagnon, Barron & Wagnon, L.L.P., Plano, TX, for Debtor.

Gino A. Cischke, Dallas, TX, for Plaintiff.

## OPINION

DONALD R. SHARP, Chief Judge.

This adversary proceeding came before the Court pursuant to regular setting. Both parties were present and the matter was taken up and tried. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rules of Bankruptcy Procedure 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter was set for trial on June 12, 1997, and prior to the trial, Plaintiff filed a Motion for Summary Judgment. In accordance with the Court's rules and usual practice, there was not time to hear and dispose of the Motion for Summary Judgment prior to the trial date so the Motion for Summary Judgment was taken under advisement and the trial proceeded. This opinion constitutes the Court's rulings on the Motion for Summary Judgment and the trial on the merits and completes this adversary proceeding.

The defendant and debtor, Alan Schwartz ("Debtor"), filed a chapter 7 bankruptcy proceeding on July 12, 1996. Debtor is the natural father of Keith Schwartz ("Plaintiff"). Pursuant to a Judgment of Divorce granted on March 24, 1990, Debtor was awarded custody of Plaintiff and was ordered to provide medical insurance until Plaintiff's emancipation, which was on September 15, 1994.

Plaintiff lived with the Debtor until he was evicted on or about April 11, 1992, when he began to reside with Steve and Carol Kirshner. Carol Kirshner is the sister of the Debtor. She is also the custodian of certain funds left in her care for the benefit of Plaintiff from the estate of Plaintiff's paternal grandmother. The Kirshners expended sums of money to provide for Plaintiff's food, clothing, shelter, educational expenses and medical attention.

As a result of the expenses they incurred, Steve and Carol Kirshner sued Debtor in the 199th District Court of Collin County, Texas, for the cost of necessaries they provided to Plaintiff. The Kirshners were awarded a judgment against the Debtor for "necessar-

ies" as that term is used in section 4.02 of the Texas Family Code. The Judgment was signed on March 7, 1995, in the amount of $25,788.25 plus post-judgment interest and costs. Of the Judgment, $13,057.49 was for clothing, food, shelter, medical care and educational expenses that were reasonably and necessarily incurred. The remaining amount, $12,730.76, was for reasonable and necessary attorney's fees incurred by the Kirshners for the benefit of Plaintiff.

After the Debtor filed bankruptcy, Plaintiff filed this Complaint Objecting to Discharge and to Determine priority of claim. Plaintiff claims that Debtor's debt to him is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B); (4); (5); (6); and (15)(B).

## DISCUSSION

Plaintiff filed a Motion for Summary Judgment, or in the alternative for Partial Summary Judgment, seeking a judgment that (1) the expenses made for his maintenance and support were to be paid by the Debtor, and (2) he is entitled to a repayment for funds improperly taken from a trust established for his benefit; and that both are nondischargeable.

Summary Judgment is appropriate when, viewing all the evidence in light most favorable to the non-movant, "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *In re McCafferty,* 96 F.3d 192 (7th Cir.1996). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Id.* at 330, 106 S.Ct. at 2556. Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### A. Maintenance and Support

11 U.S.C. § 523(a)(5) provides that "a discharge under 727 ... of this title does not discharge an individual debtor from any debt to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, a divorce decree or other order of a court of record, determination in accordance with state or territorial law by a governmental unit, or property settlement assigned to another entity, voluntarily, by operation of law, or otherwise ..."

Section 523(a)(5) enumerates a clear congressional policy to ensure that genuine support obligations will not be discharged. This policy has been seen as a derogation of the general bankruptcy policy of strictly construing exceptions to discharge. *In re Jones,* 9 F.3d 878 (10th Cir.1993). However, a party seeking to show nondischargeability of debt pursuant to this section still has the burden of proving by a preponderance of the evidence that this debt is nondischargeable. The three requirements to establish nondischargeability contained in § 523(a)(5) are:

1. The debt must be to a spouse, former spouse or child of the debtor;

2. The debt must be for alimony or support of such spouse or child; and

3. The debt must have been the result of a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement.

Plaintiff alleges that the Judgment awarded to the Kirshners against the Debtor is nondischargeable pursuant to § 523(a)(5) and prevailing jurisprudence. The basis for Plaintiff's claim is two-fold. First, Plaintiff claims that as a parent Debtor is obligated to pay for Plaintiff's maintenance and support. Second, Plaintiff argues that based on the state court Judgment, Debtor must pay the Kirshners for the money spent on behalf of Plaintiff's maintenance and support. The Court's analysis begins with the second and third requirement of the statute.

In Debtor's Response to the Motion for Summary Judgment, he admits that the funds expended by the Kirshners were to support the Plaintiff herein. However, Debt-

or argues that it is not child support in the traditional sense because the Kirshners did not have legal custody of Plaintiff and therefore, no obligation to support the Plaintiff. Therefore, those expenditures could not have been alimony or child support as that term is traditionally understood and as that term is used in § 523(a)(5). Debtor also claims that the third requirement in the statute is not met because there was never any order of court requiring him to pay child support and without such a legal obligation, the statute does not support a nondischargeability argument.

 The determination of whether an obligation is in the nature of support or maintenance is one of federal law, not state law. *In re Hudson*, 107 F.3d 355, 356 (5th Cir.1997)(citing *In re Snider*, 62 B.R. 382, 384 (Bankr.S.D.Tex.1986)). However, the bankruptcy court can examine state law for guidance in making the decision. *Forsdick v. Turgeon*, 812 F.2d 801, 16 C.B.C.2d 452 (2nd Cir.1987)

 On the issue of maintenance and support, it is well settled law that contracts for necessaries are binding and enforceable as to minors and are neither void nor voidable. Former Texas Family Code section 4.02–Duty to Support which was in force and effect at the time of the events in question states:

> "Each parent has the duty to support his or her child during the period that the child is a minor, and thereafter as long as the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma until the end of the school year in which the child graduates. A spouse or parent who fails to discharge the duty of support is liable to any person who provides necessaries to those whom support is owed."

It is undisputed that the Kirshners expended funds to provide for Keith Schwartz's maintenance and support. The statutory obligation for a parent to support a child or to repay those who do support the child in the parent's default of his obligation clearly negates the argument of Debtor and establishes this debt as support as referred to in 11 U.S.C.

§ 523(a)(5). Requirement number two is clearly met.

 Turning to the third requirement of the statute, the Court finds that it is also clearly satisfied. The combination of the court order granting custody to Debtor and the general statutory and jurisprudential obligation in Texas law of support combines to make this Debtor's obligation a "determination made in accordance with state or territorial law." That status is further shown by the fact that there exists a court determination by a state court of competent jurisdiction determining that the Debtor had the obligation to support and determining the amount of that obligation. It is clear that the attorney fee portion of the judgment stands on exactly the same status as the portion of the judgment that represents reimbursement of support expenditures. *See Roosth v. Roosth*, 889 S.W.2d 445 (Tex.App. Houston [14th Dist.] 1994)

 Turning to the first requirement of the statute which requires the debt be to the spouse, former spouse or child of the debtor, the debtor correctly argues that the Kirshners are neither. Debtor argues that the state court Judgment was awarded to the Kirshners and not the Plaintiff. Therefore, Plaintiff is not entitled to claim the amount owed pursuant to the Judgment as nondischargeable. Debtor cites *In re Lutz*. *In re Lutz*, 128 B.R. 244, 246 (Bankr.W.D.Mo.1991) citing *In re Antikainen*, 48 B.R. 630 (Bankr. D.Minn.1985)for this proposition.

In *Lutz*, the debtor filed a chapter 7 petition listing an obligation owing to the State of Missouri and to Maryann Oligschlaeger, debtor's sister. The debtor's sister had obtained custody of debtor's children pursuant to a court order, and after applying for Aid to Dependant Children, was paid $12,527.55 and assigned any claim she may have had against debtor to the State of Missouri. The Court ruled that the debt was dischargeable because it was not owed to a spouse, former spouse or child of the debtor.

Unfortunately for Debtor, Lutz is not controlling in this circuit and the Fifth Circuit has taken a different approach in analyzing section 523(a)(5). The Court has not focused on the plain meaning of section 523(a)(5), but

has instead focused on whether the debt incurred was for the ultimate benefit of the child. *In re Hudson,* 107 F.3d 355, 357 (5th Cir.1997).

In *Hudson,* a law firm that was awarded attorney's fees in a paternity and support suit filed a motion for summary judgment asserting that the fees directly awarded to them were nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Bankruptcy Court entered summary judgment for the law firm. On appeal, the Fifth Circuit affirmed holding that the order to pay the attorney's fees is nondischargeable since they were necessary for the support of the child. The Court found it irrelevant that the payee was not the child and stated that the plain reading of § 523(a)(5) was contrary to the precedent of this circuit. Furthermore, the court stated that "Because the ultimate purpose of such a proceeding is to provide support for the child, the attorney fees incurred inure to her benefit and support, and therefore falls under the exception to dischargeability set out in § 523(a)(5)."

■ It is clear, based on *Hudson,* that the proper approach in determining whether the debt to the Kirshners is nondischargeable, is whether it was incurred for the ultimate benefit of the Plaintiff. It is not necessary that the debt be owed directly to the child. The Court finds that the debt incurred was clearly to provide for the Plaintiff's maintenance and support. It is irrelevant that the state court Judgment was in the name of the Kirshners and not the Plaintiff, since the ultimate purpose of the suit was for Plaintiff's welfare. The Court finds that Debtor's debt for maintenance and support is nondischargeable pursuant to section 523(a)(5). The state court has already determined the amount of the claim and while res judicata is not applicable in bankruptcy, collateral estoppel or issue preclusion is. Therefore, this Court is not required to relitigate the issue of the amount of the claim since the of the amount has been fully and fairly litigated and may be accepted by this Court *under Brown v. Felsen. Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re King,* 103 F.3d 17 (5th Cir.1997).

Plaintiff also contends that his claim for maintenance and support should be classified as a priority claim pursuant to 11 U.S.C. § 507(a)(7). The Court agrees and so holds.

The Plaintiff's Motion for Summary Judgment shall be granted as a priority claim in the amount of $29,589.32 which reflects the judgment plus pre-petition interest and cost of $3,801.07 as of July 12, 1996, the date the Debtor filed for bankruptcy.

**B. Trust**

The other element of Plaintiff's claim, cannot be granted by summary judgment inasmuch as it required an evidentiary hearing to determine the factual issues. Plaintiff claims that the Debtor obtained $5,000 from a trust established for his benefit. The trust consists of money that came from the estate of Plaintiff's paternal grandmother which was being held and administered by Carol Kirshner for the benefit of the Plaintiff. There is no dispute that the $5,000 was transferred from Carol Kirshner to Debtor and that Debtor spent the money. The dispute is whether Debtor acquired the money by use of false pretenses or false representation so as to make the claim for reimbursement nondischargeable pursuant to 11 U.S.C. § 523.

■ The evidence at trial established that Debtor secured the money by repeated requests to Carol Kirshner to relinquish the money to him so that he could pay medical expenses for his son. In addition to the claim that he needed the money for medical expenses, Debtor enlisted the aid of an attorney who wrote a letter implying that there was some legal obligation on the part of Carol Kirshner to turn the funds over to Debtor. There was no such obligation nor did Debtor expend the funds on medical treatment for his son. The evidence established that he used a significant portion of those funds to pay a tax liability and he was unable to account for the expenditure of the remainder of them. Debtor owes Plaintiff the sum of $5,000 plus prepetition interest of $1,647.14 which he secured by using false pretenses and false representations and that debt is nondischargeable.