**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-10798

Summary Calendar.

In the Matter of Kenneth L. PANCAKE, Debtor.

Kenneth L. PANCAKE, Appellee,

v.

RELIANCE INSURANCE COMPANY, Appellant.

March 12, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, and DAVIS and DENNIS, Circuit Judges.

POLITZ, Chief Judge:

Reliance Insurance Company appeals the district court's order reversing and remanding these proceedings to the bankruptcy court for a determination whether the debt of Kenneth Pancake to Reliance is nondischargeable. For the reasons assigned we affirm.

*Background*

Pancake, a loan officer at Sunbelt Savings Association, stands accused by Reliance of loaning money to borrowers that he knew to be uncreditworthy in exchange for kickbacks. Reliance, a surety for Sunbelt, sued Pancake in Texas state court seeking to recover the losses it sustained as a result of Pancake's alleged fraud. Pancake filed an answer which the court struck because Pancake failed to comply with discovery orders. Pancake did not appear at

trial and the court entered a default judgment in the amount of $455,703.31.

Pancake subsequently filed for bankruptcy. Reliance sought a ruling from the bankruptcy court that Pancake's debt was nondischargeable because it was based on the state court judgment against Pancake in the fraud suit.[1] The bankruptcy court granted summary judgment for Reliance; however, on appeal the district court reversed, holding that the state court default judgment was not entitled to preclusive effect. The district court then remanded for further proceedings to determine whether Pancake's debt was nondischargeable. Reliance timely appealed to this court.

*Analysis*

Reliance contends that the district court erred in failing to give preclusive effect to the state court judgment. At the outset we note that claim preclusion or *res judicata* is inapplicable in bankruptcy nondischargeability proceedings.[2] Issue preclusion or collateral estoppel, however, may be applied in such matters.[3]

Because the judgment against Pancake was entered in Texas state court we apply the Texas law of issue preclusion.[4] Under Texas law a party is collaterally estopped from raising an issue when: (1) the facts sought to be litigated in the second case were

---

[1]*See* 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(11).

[2]*Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re King,* 103 F.3d 17 (5th Cir.1997).

[3]*Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *King.*

[4]*In re Gober,* 100 F.3d 1195 (5th Cir.1996).

2

fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case.[5] The parties agree that elements (2) and (3) were met herein; therefore, the only relevant inquiry is whether the fraud was fully and fairly litigated in state court.

We have held under Texas law that where the court enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden, the issues raised therein are considered fully and fairly litigated for collateral estoppel purposes.[6] In the case at bar, however, we agree with the district court that the record before us fails to demonstrate that the state court conducted a hearing in which Reliance met its burden of proving that Pancake defrauded Sunbelt. The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard "the evidence and arguments of counsel." That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud. We therefore conclude and hold that the state court judgment does not have preclusive effect.

We note that in a post-answer default judgment, i.e., where the defendant files an answer but fails to appear at trial, the court may not enter judgment based solely upon the pleadings; the plaintiff must present evidence sufficient to satisfy the

---

[5]*In re Garner,* 56 F.3d 677 (5th Cir.1995) (citing *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (Tex.1984)).

[6]*Id.*

traditional evidentiary burden.[7]  In the case at bar the court entered judgment after *striking* Pancake's answer, thus creating a situation similar to that where no answer is filed, i.e., a no-answer default judgment.[8]  In that context the defendant is deemed to admit the plaintiff's pleadings and, thus, judgment may be entered based upon those pleadings.[9]  For purposes of collateral estoppel, however, the critical inquiry is not directed at the nature of the default judgment but, rather, one must focus on whether an issue was fully and fairly litigated.  Thus, even though Pancake's answer was struck, if Reliance can produce record evidence demonstrating that the state court conducted a hearing in which Reliance was put to its evidentiary burden, collateral estoppel may be found to be appropriate.  All of that remains to be determined and we express no opinion thereon.

The judgment appealed is AFFIRMED.

---

[7]*Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979).

[8]*See Gober* at 1204 ("Under Texas law, once the court strikes the defendant's answer as a discovery sanction, the defendant is placed in the same legal position as if he had filed no answer at all.");  *Fears v. Mechanical & Indus. Technicians,* 654 S.W.2d 524, 529 (Tex.App.1983, writ ref'd n.r.e.) ("The final judgment in this case was essentially in the posture of a no-answer default made so by the court's striking of defendant's answer.").

[9]*Garner;  Stoner.*

4