In Re Joseph H. STAFFORD

**BIG RIVER PROPERTIES, INC., Plaintiff,**

v.

**Joseph H. STAFFORD, Defendant.**

**Bankruptcy No. 97–11820.
Adversary No. 97–1163.**

United States Bankruptcy Court,
N.D. Mississippi.

June 18, 1998.

John T. Byrd, Houston, TX, for Big River Properties, Inc.

B. Brennan Horan, Horn Lake, MS, for Joseph H. Stafford.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed in the above styled and numbered adversary proceeding by Big River Properties, Inc. ("Plaintiff" or "Big River"); no response having been filed thereto by Joseph H. Stafford ("Stafford" or "Debtor"); and the court, having considered said motion, finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(1).

### II.

In this adversary proceeding, Big River Properties, Inc., seeks to determine the dischargeability of a debt owed to it by the debtor, Joseph H. Stafford. The debt arose from a lawsuit filed by Big River against the debtor and other defendants, styled *Big River Properties, Inc., On Its Own Behalf, and As Assignee of First Falcon Tire Disposal I,* *Ltd. v. James Ammons, Joseph Stafford, and Walter Theis, Jr.;* Cause No. 93–58776; in the 127th Judicial Court, Harris County, Texas. Big River was an investor and limited partner in a venture promoted and managed by the debtor who served as a general partner of the limited partnership. The state court action was tried before a jury from October 8–17, 1996. James Ammons and Stafford appeared pro se in the action, but did not attend the trial. Walter Theis, Jr., was represented by counsel and made an appearance at trial.

The jury returned a unanimous verdict in favor of the plaintiff against the defendants. The plaintiff was awarded a judgment of $3,500,000.00 against Ammons and Stafford, severally, representing compensatory, exemplary, and statutory damages, as well as, attorney's fees. The plaintiff was awarded a judgment against Theis in the amount of $50,000.00. A Modified Judgment signed by the presiding judge on February 21, 1997, ordered that the plaintiff take nothing from Theis and fixed the judgment debts of Ammons and Stafford at $4,169,333.00 each.

Stafford filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 1997. Big River filed a timely complaint to determine the dischargeability of its debt alleging that the Texas state court judgment was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). Big River filed the instant motion for summary judgment requesting that the court give collateral estoppel effect to the state court judgment, thus precluding the relitigation of the issues of fraud, misrepresentation, and willful and malicious injury.

### III.

The doctrine of collateral estoppel applies in bankruptcy dischargeability actions. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Because the prior judgment at issue in this case was rendered by a Texas state court, this court must apply the rules of issue preclusion as they exist in the state of Texas. *Garner v. Lehrer (In re Garner),* 56 F.3d 677, 679 (5th Cir.1995). The elements

of collateral estoppel as applied under Texas law are as follows: (1) The facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir.1997). (Citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984) ). Each of these elements will be applied to the matter presently before the court.

Big River alleges in its complaint that the Texas state court judgment debt is nondischargeable pursuant to §§ 523(a)(2), (4), and (6). Accordingly, the factual underpinnings of the adversary proceeding center on whether the debt was incurred through the actual fraud of the debtor, through fraud while he was acting in a fiduciary capacity, or through his willful and malicious conduct[1]. This court must determine whether the issues of actual fraud and fraud while acting in a fiduciary capacity were fully and fairly litigated in the Texas state court action.

■ The Modified Judgment entered in the state court, a copy of which was attached to the motion for summary judgment as Exhibit "B," recites that Stafford appeared pro se and, despite having been notified of the trial setting, failed to appear in person for trial. The failure of a defendant to attend the trial does not prevent issue preclusion in a subsequent action, so long as the prior action was actually litigated in the defendant's absence. Generally, a default judgment cannot support issue preclusion because "the essential foundations of issue preclusion are lacking for want of actual litigation or actual decision of anything. . . . [A] defendant may suffer a default for many valid reasons other than the merits of the plaintiff's claim." 18 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 4442 (1981). In *Garner v. Lehrer (In re Garner)*, 56 F.3d 677 (5th Cir.1995), the Fifth Circuit, applying Texas law on collateral estoppel, gave

preclusive effect to a prior state court judgment even though the defendant failed to appear at the trial. In the opinion, the court made a distinction between a "simple default judgment" and a "post-answer default." Once an answer is filed, the plaintiff is unable to obtain a simple default judgment and must offer evidence to satisfy the burden of proof as to the elements of the action. In *Garner v. Lehrer*, Lehrer sued Garner in state court. Garner answered the complaint, but did not appear at the trial and, therefore, judgment was entered against him. Garner then filed bankruptcy which prompted the filing of a dischargeability complaint by Lehrer. Lehrer then moved for summary judgment based on the preclusive effect of the state court judgment. In response, Garner asserted that the "fully and fairly litigated" element of issue preclusion had not been met since the trial had been conducted in his absence. In affirming the bankruptcy court and the district court, the Fifth Circuit stated as follows:

> In the state court proceedings, Garner answered Lehrer's complaint with a general denial, and then he failed to appear for trial. The district court conducted a trial in Garner's absence, and "based on the testimony presented to the Court, the Court f[ound] and conclude[d] that Plaintiff, Kenneth Eugene Lehrer [was] entitled to recover judgment against Defendants." This decision was reached after Garner answered Lehrer's complaint and after a trial in which Lehrer put on evidence sufficient to carry his burden of proof. According to Texas law, the issues were properly raised and actually litigated; accordingly, we find they were fully and fairly litigated for collateral estoppel purposes.

*Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 680 (5th Cir.1995).

In a decision subsequent to the *Garner* opinion, the Fifth Circuit appears to have dropped the distinction between a simple default and a post-answer default for collateral estoppel purposes. In *Pancake v. Reliance*

---

**1.** Movant made no reference to the § 523(a)(6) "willful and malicious" allegation in the motion for summary judgment and is now apparently

proceeding only on the allegations of actual fraud or fraud while acting in a fiduciary capacity.

*Insurance Co. (In re Pancake),* 106 F.3d 1242 (5th Cir.1997), Pancake, a bank loan officer, was accused by Reliance of loaning money to borrowers that he knew to be poor credit risks in exchange for kickbacks. Reliance, a surety for the bank, sued Pancake in state court alleging fraud. Pancake filed an answer which was subsequently stricken because he had failed to comply with certain discovery orders. Pancake did not appear at trial and a default judgment was entered against him. When Pancake subsequently filed bankruptcy, Reliance filed its complaint to determine the dischargeability of the default judgment. The bankruptcy court granted summary judgment for Reliance. On appeal, the district court reversed, stating that the default judgment was not entitled to preclusive effect. The Fifth Circuit affirmed the district court, concluding that preclusive effect could not be given to the state court judgment because it was unclear from the record whether or not an evidentiary hearing was held in which Reliance was required to meet its burden of proof. "The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard 'the evidence and arguments of counsel.' That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud." *Id.* at 1244. The court went on to state that the nature of a default judgment is immaterial for collateral estoppel purposes so long as the record reflects that an evidentiary hearing was conducted, and the plaintiff's burden of proof was met.

> For purposes of collateral estoppel . . . the critical inquiry is not directed at the nature of the default judgment, but, rather, one must focus on whether an issue was fully and fairly litigated. Thus, even though Pancake's answer was struck, if Reliance can produce record evidence that the state court conducted a hearing in which Reliance was put to its evidentiary burden, collateral estoppel may be found to be appropriate.

*Id.* at 1245.

■ In its motion for summary judgment, Big River alleges that the state court action was tried before a jury, and that a unanimous verdict was returned in favor of the plaintiff. This allegation is undisputed. Attached to the motion for summary judgment as Exhibit "A" is a copy of the court's charge to the jury and fourteen special interrogatories, denominated as Jury Questions, which were submitted to the jury. The court's charge to the jury states that the case is being submitted by asking questions about the facts which must be decided "from the evidence you have heard in this trial." Jury Question No. 2, which concerns the debtor's actual fraud, is set forth in full as follows:

## JURY QUESTION NO. 2

**Did the persons named below commit fraud against Big River Properties, Inc.?**

1. You are instructed that fraud occurs when—

a. a party makes a material misrepresentation,

b. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,

c. the misrepresentation is made with the intention that it should be acted on by the other party, and

d. the other party acts in reliance on the misrepresentation and thereby suffers injury.

2. Fraud also occurs when

a. a party conceals or fails to disclose a material fact within the knowledge of that party,

b. the party knows that the other party is ignorant of the fact and does not have an equal opportunity to discover the truth,

c. the party intends to induce the other party to take some action by concealing or failing to disclose, the fact, and

d. the other party suffers injury as a result of acting without knowledge of the undisclosed fact.

By the term "misrepresentation" is meant—

a. a false statement of fact, or

b. a promise of future performance made with an intent not to perform as promised, or

c. a statement of opinion based on a false statement of fact, or

e. an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion.

"Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

**Answer "Yes" or "No" as to each.**

### ANSWER:

A. **James Ammons**      yes

B. **Joseph Stafford**     yes

It is clear from the undisputed record before this court that the state court judgment against the debtor was obtained only after a trial and deliberations by a jury based on the evidence admitted. The fact that the debtor was not in attendance at the trial has no bearing on the preclusive effect of the prior action. The jury specifically found that Stafford committed actual fraud against Big River.

The standards of actual fraud and/or fraud by failure to disclose a material fact, as set forth in Jury Question No. 2, are identical to the standards which would be applied by this court in a § 523(a)(2)(A) nondischargeability trial. Accordingly, this court finds that the facts sought to be litigated in this adversary proceeding concerning actual fraud by the debtor, were fully and fairly litigated in the prior state court action. The court further finds that those facts were essential to the judgment in the state court action, and that the parties in this adversary proceeding were cast as adversaries in the state court action. Since all of the elements of issue preclusion are clearly present, the court finds that the debtor is estopped from relitigating, in this court, the issue of actual fraud as it relates to the dischargeability of his judgment debt owed to Big River.

### IV.

■ The application of collateral estoppel to the state court judgment has established that the debtor committed actual fraud. This court must now make a determination relative to the dischargeability of the underlying components of the judgment debt which arose from the fraudulent conduct. The debt assessed against the debtor in the Modified Judgment is set forth as follows:

(1) For fraud, with actual damages of $500,000, and prejudgment interest thereon at ten percent (10%) simple interest from December 2, 1994, to date;

(2) $1,000,000 as exemplary damages for his fraudulent conduct;

(3) For violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), with actual damages of $1,000,000, and prejudgment interest thereon at ten percent (10%) simple interest from December 2, 1994, to date;

(4) An additional $2,000 as required by Bus. & Com.Code § 17.50(b)(1);

(5) As additional damages for his violations of the DTPA having been committed knowingly, the sum of $1,000,000; and

(6) As attorney's fees awarded for violations of the DTPA, the sum of $667,333.

Section 523(a)(2)(A) makes it clear that the compensatory component of a debt arising from actual fraud is nondischargeable. Accordingly, the court finds that the $500,000 portion of the judgment attributable to actual damages is nondischargeable.

Prior to March, 1998, court decisions reflected conflicting views on whether punitive and other ancillary damages were excepted from discharge in § 523(a)(2)(A) actions. This conflict was resolved by the U.S. Supreme Court in *Cohen v. de la Cruz*, —— U.S. ——, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998), a case involving a landlord who was ordered by the local rent control administrator to refund excessive rents which had been charged in violation of local rent control guidelines. The landlord sought to discharge the obligations by filing a Chapter 7 bankruptcy. The tenant/creditors filed an adversary proceeding arguing that the rent overpayments were obtained by actual fraud and were therefore nondischargeable pursuant to

§ 523(a)(2)(A). The tenants also sought treble damages under the local consumer fraud act, as well as, attorney's fees and costs. The bankruptcy court found that the debtor had committed actual fraud within the meaning of § 523(a)(2)(A), and held that the non-dischargeable portion of the debt included treble damages, attorney's fees, and costs, over and above the actual damages. Both the district court and the Third Circuit Court of Appeals affirmed. After recognizing the conflict among the lower courts regarding the dischargeability of punitive and other ancillary damages, Justice O'Connor held as follows:

> In short, the text of § 523(a)(2)(A), the meaning of parallel provisions in the statute, the historical pedigree of the fraud exception, and the general policy underlying the exceptions to discharge all support our conclusion that "any debt ... for money, property, services, or .. credit, to the extent obtained by" fraud encompasses *any liability* arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor.

*Cohen v. de la Cruz,* —— U.S. at ——, 118 S.Ct. at 1219 (emphasis added).

In the matter presently before this court, the record reflects that the Texas state court jury found that the debtor had committed actual fraud and awarded actual damages of $500,000. In addition, the jury awarded exemplary damages for his fraudulent conduct, actual and exemplary damages for his knowingly violating the Texas Deceptive Trade Practices—Consumer Protection Act, damages as required by Bus. & Com.Code § 17.50(b)(1), plus attorney's fees and interest. All of the ancillary damages awarded over and above the actual damages for fraud represent "any liability" arising from the debtor's § 523(a)(2)(A) fraudulent conduct, and all are therefore nondischargeable pursuant to the mandate of *Cohen v. de la Cruz.*

Having found that the entire Texas state court judgment is nondischargeable under § 523(a)(2)(A), it is not necessary for the court to address the plaintiff's § 523(a)(4) allegations.

## V.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

Based on the foregoing analysis, the court concludes that no genuine disputed issues of material fact remain in this case. Therefore, the plaintiff is entitled to judgment as a matter of law.