# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m. 99-40780

_____

MATTHEW THOMAS CLARKE,

Petitioner-Appellant,

VERSUS

GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:97-CV-231)

_____

October 4, 2000

_____

Before JOLLY, JONES, and SMITH,
 Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Matthew Clarke appeals the denial of a pe-

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tition for writ of habeas corpus. Finding no error, we affirm.

I.

Clarke was twice convicted of sexual assault. *See Clarke v. State,* 813 S.W.2d 654 (Tex. App.SSFort Worth 1991), *aff'd*, 839 S.W.2d 92 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 996 (1993). In two state habeas petitions stemming from those convictions, he alleges that his first counsel, Robert Scofield (who did not ultimately represent him at trial), failed to inform him of

a plea bargain offer, which he would have accepted. Clarke introduced a disciplinary petition from the State Bar of Texas finding Scofield guilty of numerous violations in five different cases, including Clarke's. Scofield was disbarred, and the judgment reflected that he was guilty of each allegation contained in the disciplinary petition, even though the particular violation in Clarke's case was not specifically addressed.

The state habeas court, after reviewing the first application and considering affidavits from Clark's mother and aunt and from the prosecutors, concluded that no plea offer was made and denied Clarke's application based on these findings. The state habeas court reviewing the second petition did not address this issue. The Texas Court of Criminal Appeals denied both petitions without written order.

Clarke sought relief in federal district court under 28 U.S.C. § 2254. That court denied relief on the basis of the recommendation of the magistrate judge, who reasoned as follows:

> [T]he state court found that no offer had ever been made based upon the affidavits of the prosecutor[s] involved. Petitioner has no direct evidence that a plea offer was ever made. The closest petitioner comes is a purported letter from an attorney who was not trial counsel that states a plea may be possible although no firm offer has been made. This claim is properly denied on the findings of the trial court.

Findings of the state habeas court are generally entitled to a presumption of correctness. The district court determined that the plea bargain issue might ordinarily require an evidentiary hearing if there were no findings to which that presumption could attach, but here, the finding, by one of the state habeas courts, that no plea offer was made suffices to invoke the presumption of correctness. The district court granted a COA on whether a plea offer was made that Clarke's attorney did not convey to him.

II.

We consider three issues on appeal: (1) whether the doctrine of collateral estoppel barred the state habeas court from conducting the evidentiary hearing; (2) whether a federal court should apply a deferential standard of review to a state court's factfinding in a state habeas court proceeding that challenges a conviction different from the conviction challenged in the federal proceeding; and (3) whether, if the state findings are entitled to a presumption of correctness, the defendant may appeal those findings, even though they were already appealed in the first proceeding. Because an ineffectiveness of counsel claim is a mixed question of fact and law, we review the federal district court's decision *de novo*, but findings of fact meeting the statutory criteria are entitled to a presumption of correctness. *See Crane v. Johnson,* 178 F.3d 309 (5th Cir.), *cert. denied*, 120 S. Ct. 369 (1999).

III.

Clarke argues that the federal district court erred in considering the findings of the Court of Criminal Appeals, because the decision of the trial court that disbarred Scofield collaterally estopped the court from revisiting the issue of whether the state had offered a plea bargain. Because the decision to apply collateral estoppel is an issue of law, we review it *de novo*. "Collateral estoppel provides that 'when an issue of ultimate fact has once been determined by a valid and final

judgment, the issue cannot again be litigated between the same parties in any future lawsuit.'" *Neal v. Cain*, 141 F.3d 207, 210 (5th Cir. 1998) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

We apply the Texas law of issue preclusion so that we properly may give the state court judgment the full faith and credit to which it is entitled by statute. *See Gober v. Terra + Corp.*, 100 F.3d 1195, 1201 (5th Cir. 1996). Under Texas law, to assert collateral estoppel a party must establish that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action" or "the party against whom the doctrine is asserted was a party or in privity with a party in the first action." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994).

Clarke correctly states that a finding of fact in an administrative or civil proceeding may be used collaterally to estop relitigation of that fact in a criminal proceeding. *See State v. Aguilar*, 947 S.W.2d 257, 259 (Tex. Crim. App. 1997).[1] Clarke, however, has failed to demonstrate that the trial court's disbarment proceedings meet the above criteria. Thus, the federal habeas court did not err in revisiting

this issue.

First, the issue must be fully and fairly litigated. As a matter of Texas law, if the court "enters a default judgment after conducting a hearing or trial at which the plaintiff meets his evidentiary burden," an issue is considered fully and fairly litigated. *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997) (citing *In re Garner*, 56 F.3d 677 (5th Cir. 1997), *overruled on other grounds, Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)). In *Pancake*, the court found that the presentation of "the evidence and arguments of counsel" was not enough to prove that the issue in question had been fully and fairly presented. *Id.*

Unlike the situation in *Garner*, where the defendant answered the complaint, then disappeared during a trial in which the plaintiff carried his burden of proof, the record in *Pancake* did not conclusively indicate that a hearing had been conducted on a summary judgment motion, despite the statement in the final judgment that the court had "heard" the arguments. *See Pancake*, 106 F.3d at 1244. The disbarment court similarly stated that it had "heard the arguments on behalf of each party" but that "[r]espondent had filed no response to the Motion for Summary Judgment." Thus, the question of whether the issue was fully and fairly litigated is somewhat ambiguous.

We need not reach this issue, however, because the allegation that Scofield failed to convey a plea offer to Clarke was not necessary to the judgment. The disbarment court found Scofield guilty of ethical violations in five different cases, including Clarke's, but that court did not specifically discuss the issue of Clarke's plea offer. Consequently, the al-

---

[1] *Aguilar* presents a slightly different test for a fact finding in an administrative proceeding to be used collaterally to estop the relitigation of an issue in a criminal proceeding. *Aguilar* holds that (1) the fact must be fully and fairly litigated; (2) the fact issue must be the same; and (3) the fact finder must act in a judicial capacity. *Aguilar*, 947 S.W.2d at 259. Here, the state bar proceeding might be arguably administrative, but the fact that a trial court actually decided the issue makes the *Sysco* test the appropriate one.

legations in the other four cases could have determined the outcome.

Finally, the parties in the two actions are neither the same nor in privity. The state bar association in the disbarment suit and the director of the prison system in Clarke's habeas petition both represent the state, but the state is not a monolith. *See, e.g., Public Util. Comm'n v. Cofer*, 754 S.W.2d 121, 125 (Tex. 1988). Thus, the state bar and the prison system are not the same party merely because both are state agencies.

In addition, the parties are not in privity. "[P]rivity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same set of facts." *Benson v. Wanda Petroleum*, 468 S.W.2d 361, 363 (Tex. 1971). For privity to exist, one party must "derive its claims through a party to the other action." *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, 377 (5th Cir. 1997). Here, the prison derived none of its claims or defenses through the state bar association. Therefore, the factual findings in the disbarment proceedings against Scofield did not collaterally estop the state court from revisiting the existence of a plea offer when it reviewed Clarke's habeas petitions.

IV.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prevents a prisoner from obtaining relief with respect to any claim adjudicated on the merits in state court unless the claim (1) resulted in a decision contrary to clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). A "determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Clarke contends that the district court erred in granting the presumption of correctness to state court factfindings made in a separate habeas petition. He claims that this reliance eviscerates the statutorily required check on the reasonableness of the state court's findings.

For the deferential review to apply, the state court must adjudicate the petitioner's claims on the merits, which means that the court must dispose of the case on substantive rather than procedural grounds. *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied*, 2000 U.S. LEXIS 5513 (Oct. 2, 2000) (No. 99-9891); *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997). The state court record on the habeas petition in which the court conducted an evidentiary hearing was adjudicated on the merits, but the second habeas court proceeding apparently used the results of the first proceeding as a basis for denying the writ. The magistrate judge who recommended that this second petition be denied made specific reference to the factual finding that the state had never offered Clarke a plea bargain, thus incorporating the findings of the first proceeding to the second by reference.

The state court almost certainly applied the findings from one proceeding to resolve the other, because the court's reference demonstrated that it knew of the other petition and proceeding, and the Court of Criminal Appeals denied both habeas petitions on the same day, in orders signed by the same judge. The district court concluded that the statutory

4

deference to state court factual findings applied to both petitions. We agree.

In the interest of judicial efficiency, courts often consolidate hearings on successive petitions and encourage prisoners to consolidate their issues into a single petition. *See, e.g., Montgomery v. Meloy,* 90 F.3d 1200 (7th Cir. 1996); *Gilmore v. Armontrout,* 861 F.2d 1061 (8th Cir. 1989). By allowing the same state habeas court factfinding to support the denial of two habeas petitions based on the same factual issue, the federal district court essentially treated the two petitions as though they had been consolidated. If the trier of fact properly conducted the hearing, an additional hearing with the same facts and witnesses to review the issue for the second petition will neither yield new information nor change the result. *Cf. Wong Doo v. United States,* 265 U.S. 239 (1924).

This situation is distinct from the general bar against res judicata in the habeas context. Even though res judicata cannot prevent an issue from being raised on habeas even when a previous habeas petition decided the issue, *see, e.g., McClesky v. Zant*, 499 U.S. 467, 479 (1991); *Salinger v. Loisel,* 265 U.S. 224, 230-31 (1924), the policy behind that rule does not apply here. The traditional bar against res judicata developed so that the determination of an issue at trial would not preclude the prisoner from challenging that issue on habeas. As this doctrine developed, the Court also affirmed that res judicata and collateral estoppel should not be used to limit the number of times a prisoner might attempt to obtain habeas relief. *See Hardwick v. Doolittle,* 558 F.2d 292, 295 (5th Cir. 1977). Here, allowing the habeas court to consolidate two simultaneous petitions neither prevents Clarke from raising an issue nor affects the number of times he can raise it.

Moreover, habeas courts "need give no more than summary consideration to repetitive petitions." *Id.* (*citing Salinger,* 265 U.S. at 231-32). Although the petition in question is not technically repetitive (because it challenges incarceration from a different conviction), the factual issue providing the basis for the petition is not only repetitive but identical.

Thus, a consolidation of the evidentiary process for both is consistent with this rule. Perhaps a more explicit consolidation would have aided the reviewing court in understanding the record, but the district court did not err in ruling in essence that the habeas court could consolidate the two petitions in the interest of efficiency.

V.

Clarke claims that even if the district court may attach a presumption of correctness to the findings made in a state habeas proceeding in conjunction with another habeas petition, it was inappropriate to do so here, because the state habeas court did not hold a live hearing on the issue or otherwise give him an opportunity to present his case. Thus, he argues, these findings are not entitled to a presumption of correctness under § 2254(e)(1).[2] "When there is a factual dispute, that, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded a full and fair evidentiary hearing, a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing." *Perillo*

---

[2] Clarke also challenges the factual accuracy of the findings, but credibility choices made by state trial courts may not be reweighed by the federal court. *See Marshall v. Lonberger,* 459 U.S. 422 (1983).

*v. Johnson,* 79 F.3d 441, 444 (5th Cir. 1996) (internal citations omitted). But, "[a] full and fair hearing does not necessarily mean a live hearing. In the proper circumstances, we have afforded the presumption of correctness to 'paper hearings.'" *Id.* at 446.

In the paper hearing, the state court reviewed affidavits of Clarke's mother and aunt and of the prosecutors. For a paper hearing to be sufficient, the petitioner must be afforded a full opportunity to present the relevant facts. *See Brown v. Johnson,* 224 F.3d ___, 2000 U.S. App. LEXIS 21073, at *21 (5th Cir. 2000). Clarke contends he had no opportunity to rebut the prosecution's affidavits that the state had never made a plea offer.

Consistently, however, we have upheld the validity of paper hearings and have granted them the presumption of correctness. *See Sawyers v. Collins,* 986 F.2d 1493, 1504 & n.19 (5th Cir. 1993); *Baldree v. Johnson,* 99 F.3d 659, 663 (5th Cir. 1996). These hearings must give the petitioner an opportunity to present his side, but the court need not hear a rebuttal *per se* if the facts are adequately developed in the record and affidavits. *See Carter v. Johnson,* 131 F.3d 452, 460 (5th Cir. 1997); *see also Hill v. Johnson,* 210 F.3d 481, 489 (5th Cir. 2000), *petition for cert. filed* (Aug. 28, 2000) (No. 00-5947). Thus, the district court did not err in giving the fact findings of the state habeas court the presumption of correctness under § 2254(d).

AFFIRMED.