**In re Jozef JUCK, Debtor.**

**Squillante Enterprises, Inc., Plaintiff,**

**v.**

**Jozef Juck, Defendant.**

**Bankruptcy No. 01–51123.**
**Adversary No. 01–05131.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 13, 2002.

754

Myra L. Graubard, Stamford, CT, for Squillante.

Scott M. Charmoy, Charmoy & Charmoy, LLC, Fairfield, CT, for Juck.

## MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALAN H. W. SHIFF, Chief Judge.

On September 22, 1988, the District Court for Dallas County, Texas entered a default judgment in the amount of $1,641,389.25 plus interest in favor of Commodore Savings Association against Jozef Juck. On September 23, 1998, Squillante Enterprises, Inc., the assignee of that judgment, brought an action in Connecticut Superior Court at Danbury, *Squillante Enterprises, Inc. v. Juck,* D.N. CV–98–0333131–S, to enforce the Texas Judgment, and on June 16, 2000, a judgment entered to that effect. The Connecticut court found that "the said Texas [J]udgment is entitled to full faith and credit and is entitled to be enforced in Connecticut."[1]

1. The full faith and credit doctrine provides that "judicial proceedings ... shall have the same full faith and credit in every court with-in the United States ... as they have by law or usage in the courts of such State ... from which they are taken."  28 U.S.C. § 1738.

*Id. See also* C.G.S. §§ 52–598, 52–605. On April 17, 2001, the Connecticut Appellate Court affirmed, and on July 5, 2001, the Connecticut Supreme Court denied *certiorari. Squillante Enterprises, Inc. v. Juck,* 62 Conn.App. 907, 772 A.2d 785, *cert. den.,* 257 Conn. 903, 777 A.2d 194 (2001).

Juck filed a chapter 7 petition on September 9, 2001, and on January 8, 2002, he received a discharge of his dischargeable debts. On November 6, 2001, Squillante commenced this adversary proceeding for a determination that the Connecticut judgment is nondischargeable, *see* 11 U.S.C. § 523(a)(2)(A), and on February 21, 2002, it filed the instant motion for summary judgment, *see* Rule 56, F.R.Civ.P., made applicable here by Rule 7056, F.R.Bankr.P.

## DISCUSSION

The issue here is whether the debt established in the first instance by the Texas judgment, and accorded full faith and credit by the Connecticut courts, is excepted from discharge. For the reasons that follow, it is determined that Juck is barred by the doctrine of collateral estoppel from relitigating those issues that bear on the dischargeability of the debt that were considered and decided by in Texas and adopted by the Connecticut court.

*Collateral estoppel*

■ This court "must apply the collateral estoppel rules of the state that rendered a prior judgment on the same issues currently before the court," which is in this instance is Texas. *Sullivan v. Gagnier,* 225 F.3d 161, 166 (2d Cir.2000). Under Texas law, the party asserting the application of collateral estoppel must establish that: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *McCoy v. Hernandez,* 203 F.3d 371, 373 (5th Cir. 2000), *citing Sysco Food Services v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). Where, as here, a Texas judgment has entered upon a post-answer default, the issue has been "fully and fairly litigated." *Pancake v. Reliance Ins. Co.,* 106 F.3d 1242, 1244 (5th Cir.1997).

■ The elements of fraud are the substantially the same under Texas law as they are under 11 U.S.C. § 523. Under Texas law, the elements of fraud include a false "material misrepresentation . . . which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *In re McKenzie Energy Corp.,* 228 B.R. 854, 873 (Bankr.S.D.Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows,* 877 S.W.2d 281 (Tex.1994)). Under bankruptcy code § 523(a)(2)(A), a discharge does not discharge a debt "obtained by . . . actual fraud," "where the creditor proves that (1) the debtor made the representations; (2) at the time he knew they were false; (3) he made them with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representations; (5) the creditor sustained the alleged loss and damage as the proximate result of the representations having been made." *In re George, supra,* 205 B.R. at 681.

■ The record discloses that the Texas complaint alleged that Juck committed ac-

With few exceptions, including fraud and collusion, not applicable here, "the full faith and credit doctrine, requires a federal court to give preclusive effect to a state court judgment whenever the state in which the federal court sits would do so." *FDIC v. Roberti (In re Roberti),* 201 B.R. 614, 618 (Bankr.D.Conn. 1996).

tual fraud, *see movant's Exhibit A* at ¶ VIII–XIII ("Second Claim for Relief"), and that the Texas court found that "Juck has committed fraud with respect to [Commodore, which] has been damaged by virtue of such fraud on the part of Jozef Juck in the sum of $1,131,389.25." *Final Judgment* at 1–2, attached as Exhibit B to the Squillante affidavit.

Accordingly, Squillante's motion for summary judgment is GRANTED, Juck's motion to dismiss is DENIED, and it is SO ORDERED.