United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50583
Summary Calendar

In The Matter Of: STEPHEN CRAIG CONLEY

Debtor

-----------------------------------------------

Thomas W. Olick,

Appellant,

versus

Commercial State Bank; Stephen C. Conley,

Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CV-108
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The appellant, Thomas Olick, appeals from the judgment of the
District Court in this dispute over the ownership and control of a
piece of oil producing property located in Texas. Appellant asserts
that the Bankruptcy Court improperly denied his motion to amend his
complaint under Bankruptcy Rule 7015, which adopts F.R.C.P. Rule
15. Matter of Schwager, 121 F.3d 177, 186 (1997). The appellant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the denial of this motion without comment or explanation of the basis for denial was an abuse of discretion. However, the appellant has not provided a record of the hearing at which the motion was denied for this court to review and has made inconsistent statements on this point, arguing before the District Court that "the lower court opined that it would not grant Appellant's B.R. 7015 Motion because doing so might delay trial against the Appellees." Additionally, while an explanation of the reasons for a denial of a motion to amend is strongly preferred, it is not an abuse of discretion where the reasons for denial are apparent. Mayeaux v. Louisiana Health Serv. and Indem. Co., 376 F.3d 420, 426-427 (5th Cir. 2004). Here, the motion to amend the complaint adding new defendants was made five months after the complaint was filed, requested to plead different theories against different parties, and was thus properly denied. Id. at 427-28.

The appellant further contends that default judgments by a Pennsylvania Bankruptcy Court possessed res judicata status as to issues in this case. Res judicata is inapplicable to bankruptcy nondischargeability proceedings. In re Pancake, 106 F.3d 1242, 1244 (5th Cir. 1997).

The district court's judgment is AFFIRMED.