United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-20789
Summary Calendar

In the matter of: KENDRICK HARRISON;
MICHELLE HARRISON

Debtors.

KENDRICK HARRISON,

Appellant,

versus

KIWI SERVICES, INC.,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas
4: 05-CV-1660

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:*

    Appellant Kendrick Harrison ("Harrison") appeals from a grant of summary judgment to

Appellee Kiwi Service, Inc. ("Kiwi") based on a state court default judgment in a Chapter 7

---

\* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

bankruptcy case, declaring debts to be non-dischargeable under Bankruptcy Code §§ 523 (a)(4) and (6). For the reasons thoroughly outlined by the bankruptcy court and district court, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Kendrick, the debtor in this case, entered into a sub-contract with Kiwi, a business that provides home cleaning services including carpet, air duct, wood floor and upholstery cleaning, under which Kendrick agreed to provide cleaning services to Kiwi's clients. Because Kiwi alleged that Harrison breached this sub-contract by opening his own carpet-cleaning service and using the name[1] "Kiwi" to solicit and confuse Kiwi's clients and because Kiwi "has spent millions of dollars to develop its reputation, customer list and proprietary methods," Kiwi filed suit in Texas state court against Harrison and his wife. Kiwi sought injunctive relief and money damages, alleging among other things, breach of fiduciary duty and fraud.

Mr. Harrison appeared and filed his answer, but the answer was later struck for discovery abuse. Thereafter, Harrison's counsel advised the court that his client was aware of the proceedings but did not intend to appear for trial; thus, when Harrison failed to appear for trial on April 16, 2004, Kiwi put on its evidence. It offered the testimony of Kiwi's CEO who provided personal accounts and documentary evidence regarding Harrison's breach of fiduciary duty, fraud and the intentional nature of Harrison's actions. After receiving the evidence, the state court entered a default judgment

---

[1]Harrison's company name was "Kiwi Steam."

2

for actual and punitive damages for more than $2.5 million[2] to Kiwi holding that (1) Harrison made material misrepresentations to Kiwi to induce Kiwi to enter into an agreement and therefore a fiduciary relationship existed; (2) Harrison committed fraud against Kiwi, infringing upon its trademark and other intellectual property; and (3) Harrison acted intentionally, maliciously and in conscious disregard for the rights and property of Kiwi.

On August 18, 2004, Harrison filed for bankruptcy in the Southern District of Texas and Kiwi filed an adversary proceeding objecting to the dischargeability of his judgment, asserting that Harrison committed a "willful and malicious injury." Therefore, Kiwi moved for summary judgment based on the state court default judgment. On April 7, 2005, the bankruptcy court held oral argument on Kiwi's summary judgment motion and, after considering the argument, granted summary judgment in Kiwi's favor, determining that the state court default judgment was nondischargeable under Bankruptcy Code §§ 523 (a)(4) and (6).[3] Harrison was collaterally estopped from raising in federal court claims previously determined in state court. The district court affirmed the bankruptcy court's summary judgment and entered its final judgment on July 21, 2005. From this judgment, Harrison appeals.

## II. DISCUSSION

A. Standard of Review

---

[2]The state court awarded Kiwi actual damages of $881,000, punitive damages of $1,762,000, and attorney's fees in the amount of $15,000; the judgment also includes a permanent injunction.

[3]11 U.S.C. § 523 (a)(4), (6) (2000). Section (a)(4) provides that a creditor may object to the dischargeability of a debt that arose from "fraud or defalcation while acting in a fiduciary capacity." Section (a)(6) provides that a creditor may object to dischargeability of a debt that arose from "a willful and malicious injury."

We review de novo the bankruptcy court's grant of summary judgment. *In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *In re Biloxi Casino Belle Inc.*, 368 F.3d 491, 496 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c) and Bankr. R. 7056 (applying Rule 56 to adversary bankruptcy proceedings)).

B.  The State Court Default Judgment and its Preclusive Effect in the Bankruptcy Proceedings

Because the bankruptcy court and the district court have already thoroughly addressed the relevant law and disposed of the issues in this case, we turn to their individual opinions to reiterate their reasoning.

The record reflects that the bankruptcy court determined that based on the reading of *In re Garner*, 56 F.3d 677 (5th Cir. 1995), and *In re Pancake*, 106 F.3d 1242 (5th Cir. 1997), as well as the state court transcript, summary judgment collaterally estopping Harrison from raising these claims in federal court is "appropriate." It correctly held that sections 523(a)(4) and (6) of the Bankruptcy Code precluded relitigation.

In *In re Garner*, 56 F.3d at 677, *abrogated on other grounds by In re Caton*, 157 F.3d 1026, 1030 n.18 (5th Cir. 1998), discussed at length by the bankruptcy court, the debtor, Garner, after receiving a petition in state court, answered and then failed to respond to a request for admission. On the day trial was scheduled to begin, Garner did not attend. Nevertheless, the court heard evidence and entered judgment in favor of Lehrer, the plaintiff. Garner subsequently filed for bankruptcy and Lehrer brought a complaint to determine dischargeabilty in the bankruptcy court, pleading that

4

collateral estoppel applied based on the state court record. The bankruptcy court agreed with Lehrer, as did the district court and ultimately this court. In that opinion, we explained that "A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Id*. at 680. The main question in *Garner* was in element one of this test; Garner argued that because the state entered a default judgment against him, his case was not fully or fairly litigated.

The bankruptcy court reasoned that *Garner* is on point with the facts in Harrison's case stating "if it's not a white horse case, it's at least a gray mule." Through *Garner*, the bankruptcy court explained that the Texas Supreme Court determined that a default where the defendant's answer places the merits of the plaintiff's cause of action at issue, where judgment cannot be entered on the pleadings, and therefore, where a plaintiff in such a case must offer evidence to prove his case is more than just a garden variety default judgment; the court recognized it as a "post-answer default judgment." *Id*. In *Garner*, because Garner answered Lehrer's complaint, did not appear for trial, and Lehrer put on evidence sufficient to meet his requisite burden of proof, this court determined that the issues were properly raised and actually litigated. Likewise, the bankruptcy court reasoned that the same determination should issue in this case, because the only difference between *Garner* and this case is that Harrison's answer was stricken because of discovery abuse and that difference is legally insignificant. We agree with the bankruptcy court; the facts and outcome in *Garner* are easily squared with the case before us.

Thereafter, the bankruptcy court turned its focus to the state court record to determine if the issues were actually fully and fairly litigated. It determined that Kiwi's CEO's testimony offered

5

ample support for the judgment entered by the state court. "The findings that are in the judgment, the fact that Mr. Harrison had a fiduciary duty to Kiwi and violated it, and committed fraud while in that fiduciary capacity and that . . . he intentionally, maliciously, and in conscious disregard used the property rights [and] the trade secrets of Kiwi" all support the bankruptcy court's determination. Therefore, the bankruptcy court held that "all of the elements of collateral estoppel are extant in this case, and that the summary judgment is meritorious and should be granted." We agree.

Thereafter, the bankruptcy court then highlighted *In re Pancake*, 106 F.3d at 1242. In that case, like the case at bar and *Garner*, Pancake filed an answer in the state court, did not appear at trial and the court entered a default judgment against him. Thereafter, Pancake filed for bankruptcy, the judgment creditor filed a complaint to determine dischargeability, the bankruptcy court granted summary judgment in favor of the judgment creditor and the district court affirmed.

The outcome in *Pancake*, however, differs from the outcome in *Garner*. In *Pancake*, we reversed the lower courts' determinations because the record did not demonstrate that the state court conducted a hearing in which the plaintiff was challenged to meet his burden of proving that Pancake defrauded the plaintiff. The state court's final judgment made reference to the court hearing the evidence and arguments of counsel but the record contained no evidence to support this statement. Therefore, we determined that this statement, standing alone, did not establish that Pancake received a full and fair adjudication on the issue of fraud. The bankruptcy court synthesized *Pancake* with this case by stating that *Pancake* stands for the proposition that a reviewing court is required to fully investigate a record and to determine if a default judgment should have preclusive effect. We agree with the bankruptcy court that a hard look at the facts in this case shows that the issues were fully and fairly litigated–Harrison was aware of his court date, yet he chose not to appear.

6

Furthermore, we agree with the district court's de novo review of the bankruptcy court's determination and ultimate conclusion affirming the bankruptcy court's decision. Pointing out that Harrison only challenges on appeal whether the issues were fully and fairly litigated in the state court action, the district court explained that the state trial court noted specifically that its judgment was a post-answer default judgment entered against Harrison only after Kiwi presented evidence to support its claims.

Additionally, the district court addressed Harrison's contention that the state court's finding that he acted intentionally, maliciously and in conscious disregard of Kiwi's property rights does not satisfy the standard for nondischargeability under § 523(a)(6). Harrison repeats this argument on appeal to us. The district court explained that the state court determined that Harrison had "actual subjective awareness of the risks and dangers and damages involved but nevertheless proceeded with conscious indifference to the rights of the plaintiff" and that this finding is supported by the trial testimony of Kiwi's CEO. Finally, the district court held that the "Bankruptcy Court correctly applied collateral estoppel to grant summary judgment in favor of Kiwi on its § 523 (a)(6) objection to dischargeability of its state court judgment against Harrison," reasoning that "Harrison had been implicitly advised through the issuance of an injunction that continued use of the Kiwi name would cause injury to Kiwi, yet the uncontroverted evidence at the trial court established that his conduct continued." We agree with the district court that "the issues were litigated in state court and were fully and fairly litigated for purposes of collateral estoppel."[5]

---

[5]Furthermore, we agree with the district court's statement in footnote 1 of its order that "Having found . . . that the state court judgment in favor of Kiwi against Harrison was not dischargeable pursuant to Bankruptcy Code § 523 (a)(6), the Court does not need to address the alternate basis for nondischargeability, § 523 (a)(4), and expresses no opinion regarding whether the Bankruptcy Court properly granted summary judgment in favor of Kiwi on its objection under that provision."

## III. CONCLUSION

For the reasons explained by the bankruptcy court and district court, we AFFIRM.